IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF CERTAIN INFORMATION IN THE POSSESSION OF AT&T CONCERNING 937-856-6901 | Case No. 3:24-mj-199<br><br>**Filed Under Seal** |

**APPLICATION FOR ORDER COMMANDING AT&T NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF WARRANT**

The United States requests that the Court order AT&T not to notify any person (including the subscribers and customers of the account(s) listed in the warrant of the existence of the attached warrant for a period of 180 days.

AT&T is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached warrant, which requires AT&T to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached warrant relates to an ongoing search for a fugitive that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or intimidate potential witnesses. *See* 18 U.S.C. § 2705(b). Some of the evidence in

this investigation is stored electronically.  If alerted to the existence of the warrant, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing AT&T not to disclose the existence or content of the attached warrant for 180 days except that AT&T may disclose the attached warrant to an attorney for AT&T for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing search for a fugitive that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

DATED: April 10, 2024                              Respectfully submitted,

                                                            KENNETH L. PARKER  
United States Attorney

s/Brent G. Tabacchi  
BRENT G. TABACCHI (6276029 IL)  
Assistant United States Attorneys  
Attorneys for Plaintiff  
602 Federal Building  
200 West Second Street  
Dayton, OH  45402  
Telephone: (937) 225-2910  
Fax: (937) 225-2564