AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of )<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)* )<br>)<br>CERTAIN INFORMATION IN THE POSSESSION OF )<br>AT&T CONCERNING 937-856-6901 )<br>) | Case No. 3:24-mj-199 |

## SEARCH AND SEIZURE WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Southern_____ District of _____Ohio_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before _____April 23, 2024_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Signatory Magistrate Judge_____.
*(United States Magistrate Judge)*

x Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for __30__ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: April 10, 2024 @ 11:21 a.m.

Caroline H. Gentry
United States Magistrate Judge

City and state: Dayton, Ohio

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

## Return

| Case No.: 3:24-mj-199 | Date and time warrant executed: 04-10-24 apprux. 1:10 pm | Copy of warrant and inventory left with: AT&T |
|---|---|---|

Inventory made in the presence of :
TFO Fred Zollos

Inventory of the property taken and name of any person(s) seized:

- Historical location and cell detail records back 30 days from date of warrant was served. PRTT, cell detail records, and prospective cell phone location data from 4/11/24 - 4/15/24.

## Certification

   I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 04/23/24

Executing Officer's signature

Fred Zollos  TFO  FBI
Printed name and title

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **937-856-6901,** (the **"Target Cellular Device"**), whose wireless service provider is **AT&T**, a wireless telephone service provider headquartered at 11760 U.S. Highway 1, North Palm Beach, Florida 33408 (hereinafter, "Provider").

2. Information about the location of the **Target Cellular Device** that is within the possession, custody, or control of **AT&T** (i.e., the Provider) including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

1. *Historical and Subscriber Information.* To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the **Target Cellular Device** listed in Attachment A for the time period **March 14, 2024 to present**:

   a. The following information about the customers or subscribers of the **Target Cellular Device**:

   i. Names (including subscriber names, user names, and screen names);
   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
   iii. Local and long distance telephone connection records;
   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
   v. Length of service (including start date) and types of service utilized;
   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
   vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
   viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

   b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the **Target Cellular Device**, including:

   i. the date and time of the communication, the method of the communication, and the source and destination of the communication – i.e., call detail records - and records of data events across all networks (3G, 4G, 5G)
   ii. All historical location information, including data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and

      "sectors" (i.e., faces of the towers) received a radio signal from the Target Cell Phone for the time period **March 14, 2024 to present**. Included is any specialized location data commonly referred to as Network Element Location Service (NELOS), AriesoGeo, Per Call Measurement Data (PCMD), Real Time Tool (RTT), and/or Timing Advance/TruCall.

c. The Provider shall deliver the information set forth above within **7 days** of the service of this warrant and the Provider shall send the information via facsimile or United States mail, and where maintained in electronic form, on CD-ROM or an equivalent electronic medium, to:

>Federal Bureau of Investigation
>Attn: SA Nicholas Graziosi
>7747 Clyo Rd.
>Dayton, Ohio 45459

2. *Prospective Location Information.* The Provider shall provide all prospective location information about the location of the **Target Cellular Device**, described in Attachment A for a period of **thirty days**, during all times of day and night. "Information about the location of the **Target Cellular Device**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the **Target Cellular Device** described in Attachment A. To the extent that the location information is within the possession, custody, or control of Provider, Provider is required to disclose the Location Information to the government. In addition, Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of the **Target Cellular Device** on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

3. *Prospective Pen-Trap Information.* Pursuant to 18 U.S.C. § 3123, the FBI may install and use pen-trap devices to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the cell phone identified in Attachment A, including the date, time, and duration of the communication, and the following, without geographic limit:

   - IP addresses associated with the cell phone device or devices used to send or receive electronic communications
   - Identity of accounts that are linked by creation IP address, recovery email, telephone number, or other identifiers
   - Identity of all accounts that are linked to the account by cookies
   - Any unique identifiers associated with the cell phone device or devices used to make and receive calls with the cell phone identified in Attachment A, or to send or receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN
   - IP addresses of any websites or other servers to which the cell phone device or devices connected
   - Source and destination telephone numbers and email addresses
   - "Post-cut-through dialed digits," which are digits dialed after the initial call set up is completed, subject to the limitations of 18 U.S.C. § 3121(c)
   - Source and destination telephone numbers
   - Date, time, and duration of communication

- All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication. Included is any specialized location data commonly referred to as Network Element Location Service (NELOS), AriesoGeo, Per Call Measurement Data (PCMD), Real Time Tool (RTT), and/or Timing Advance/TruCall.

Pursuant to 18 U.S.C. § 3123(c)(1), the use and installation of the foregoing is authorized for **thirty days** from the date of this Order. Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

## II.     Information to be Seized by the Government

1. All information described above in Section I that will assist law enforcement locate federal fugitive Damitres Ward who is charged with a violation of Title 18, U.S.C., §§ 922(g)(1) and 924(a)(8).

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

4